**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Cooper, | No. CV-19-00007-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Kathy Cooper seeks judicial review of the Social Security Administration's decision to deny her applications for disability and disability insurance benefits ("DIB"). (Doc. 11.) Plaintiff's Title II application, alleging disability beginning December 23, 2011 was denied initially on February 29, 2016 and upon reconsideration on July 7, 2016. Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), which took place on December 20, 2017. (A.R. at 37-72.) On April 30, 2018, the ALJ issued a decision finding Plaintiff—despite suffering from severe impairments including degenerative disc disease, transient alteration awareness, traumatic brain injury, post-traumatic stress disorder, anxiety and depression—could perform jobs that exist in significant numbers in the national economy. (*Id.* at 11-26.) Plaintiff argues that, in denying her application, the ALJ committed reversible error by (1) failing to support his adverse credibility finding with specific, clear and convincing reasons and (2) failing to support Plaintiff's physical residual functional capacity ("RFC") with substantial evidence.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ provided the requisite specific, clear and convincing reasons for rejecting Plaintiff's testimony concerning the severity of her symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff testified that she is unable to work due to an increase in seizure activity, anxiety, neck pain, headaches, joint pain/difficulty ambulating, concentration and memory problems, and insomnia. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff, but properly concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are inconsistent with the medical evidence and other evidence in the record, including Plaintiff's own reports. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The Court will summarize the ALJ's assessment[1] of Plaintiff's testimony as to each impairment, in turn.

Beginning with Plaintiff's allegations of increased seizure activity, the ALJ noted that records indicate Plaintiff reported her seizures ceased once she began taking anti-epileptic medication, MRIs of Plaintiff's brain were normal, epilepsy monitoring units did not demonstrate epileptic seizures, and Plaintiff denied recent episodes of convulsions or seizures and expressed satisfaction with the treatment regimen. Next, the ALJ explained that records revealing that Plaintiff reported only mild to moderate symptoms of anxiety and chose to forgo her medication for months at a time diminished the credibility of Plaintiff's allegations concerning disabling anxiety. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (citations and internal quotations omitted) ("A claimant's subjective system testimony may be undermined by a[] failure to . . . follow a prescribed course of

---

[1] The ALJ's assessment spans throughout his step five analysis. (Doc. 10-3 at 17-22.)

treatment."). Turning to neck pain, the ALJ concluded that Plaintiff's complaints of inability to maintain her head upright for longer than 1-2 hours and need to wear a neck brace are contradicted by examinations finding her neck supple and her range of motion normal with no carotid bruits. Next, the ALJ concluded that Plaintiff's allegations of severe long-lasting headaches two to three times per week is contradicted by her own reports that her headaches were well-controlled and had improved so much that she only occasionally took Tylenol. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that inconsistencies in the claimant's testimony may support an adverse credibility finding). Also, the ALJ found that reports finding a lack muscle atrophy or hypertrophy and normal coordination, gait and station, along with Plaintiff's denial of joint weakness inconsistent with Plaintiff's complaints of joint pain and difficulty ambulating, and records indicating normal cognition and intact memory are inconsistent with Plaintiff's testimony of debilitating concentration and memory issues. Finally, the ALJ pointed to reports by Plaintiff that she was sleeping well at night and in which she denied insomnia to undermine her allegations of insomnia-induced exhaustion. In sum, the ALJ provided clear and convincing reasons supported by substantial evidence that more than adequately justify his adverse credibility determination. *Orn*, 495 F.3d at 634.

2. The ALJ supported Plaintiff's physical RFC finding with substantial evidence. Plaintiff contends that the ALJ's decision is "seriously flawed because he fails to reference any [medical opinion other than Dr. Palmer's][2] related to Ms. Cooper's physical capacity[,]" and complains particularly about a lack of discussion or findings related to Plaintiff's neck. (Doc. 11 at 13.) Plaintiff is incorrect. The ALJ discussed additional medical records—such as those compiled by the doctors at Barrow Neurological Associates—that address Plaintiff's physical impairments, including her neck pain and degenerative disc disease, that support the ALJ's conclusions, and that are consistent with Dr. Palmer's findings. (Doc. 10-3 at 19-20.) Furthermore, the Court rejects Plaintiff's

---

[2] Plaintiff fails to direct the Court to any relevant medical opinion that the ALJ neglected to consider and fails to discuss what impact, if any, consideration of that medical opinion would have had on the ALJ's decision.

argument that Dr. Palmer's opinion, in and of itself, does not constitute substantial evidence supporting the ALJ's physical RFC finding.[3] Because the ALJ's decision is free of harmful legal error and is reasonably supported by the evidence,

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 20th day of February, 2020.

Douglas L. Rayes
United States District Judge

---

[3] Plaintiff's contention that Dr. Palmer's opinion should not have been significant weight because Dr. Palmer did not examine Plaintiff's cervical spine has no legal foundation; if Plaintiff were correct, ALJs could never properly give significant weight to the opinion of a non-examining physician.